**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| BRAD HENDRIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-0052 |
| | ) | |
| DEKALB COUNTY BOARD OF | ) | Judge Sharp |
| EDUCATION, et al., | ) | Magistrate Judge Griffin |
| | ) | Jury Demand |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

**A.  Jurisdiction and Venue**

The parties agree that this Court has jurisdiction of the case pursuant to 28 U.S.C. §1331. Venue is proper in this Court.

**B.  Parties' Theories of the Case**

**1.  Plaintiff's Theory of the Case**

In the spring of 2010 Plaintiff, a teacher at Smithville Elementary School, began campaigning for the office of DeKalb County Commissioner of the 3rd district. He was elected by vote of the people on the 2nd day of August, 2010.

In an early 2011 meeting of the county commissioners, Plaintiff voted against a land purchase and construction of a school in the county. After this vote Plaintiff was subjected to harassment by the principal of Smithville Elementary, who was his supervisor, and by Mark Willoughby, Director of DeKalb County Schools. He had job responsibilities removed from his work load and was disciplined. His actions and movements were scrutinized more heavily than other teachers and he received more discipline for alleged infractions that other teachers were not

1

disciplined for, though they engaged in the same behavior. In April 2013 Plaintiff was not selected for a DeKalb County schools job position he applied for even though he was as qualified or more qualified than the candidate who was hired.

Therefore Plaintiff avers that since his vote against the purchase of land and construction of a school he was subjected to a continuous and ongoing pattern of harassment in retaliation for same.

2. **Defendant's Theory**:

Mark Willoughby is the Director of Schools for the DeKalb County Board of Education. In his capacity as the Director he is charged with essentially all personnel matters with the exception of the granting of tenure. Those duties include the appointment and assignment of both certified and classified staff. The Central Office of the Board of Education is largely consistent with the structure of a corporation in the sense that Willoughby would be the equivalent of the President and Chief Operating Officer and the various supervisors would be the equivalent of persons at the Vice President level. Each supervisor is in effect a department head answerable to the Director of Schools.

When the former supervisor of attendance announced his retirement the position was posted and the plaintiff along with the Joey Reeder applied for the position. The position requires certain endorsements or qualification. Mr. Reeder possessed the necessary endorsement for the position and was chosen for the position.

While Plaintiff claims that he voted against certain funding for the school system's capital improvements his decision to do so was a right he had as a county commissioner. However, his voted was not the reason that he was not appointed to the position of Supervisor of Attendance. Supervisors of Attendance, Instruction, Federal Programs, Special Education and

the like are all within *McCloud* category I, II or III positions for which the Director of Schools may consider "goal" loyalty or administration loyalty in determining whom to appoint to a particular position. That is, to the extent that Plaintiff's view of the school system conflicted with the Director of School's view or vision of the school system, the Director was free to consider such and take it into account in making the appointment. Regardless, Willoughby appointed the individual whom he believed was the most qualified for the position.

Defendants deny that they in anyway illegally discriminated against the Plaintiff for the exercise of his first amendment rights and further deny that any exercise of his voting power as a member of a public body does not protect him from discrimination under state of federal law if the Defendants are ultimately found to have discriminated against him.

**C.** **Issues Resolved:**

Jurisdiction and venue.

**D.** **Issues still in dispute:**

Liability and damages.

**E.** **Initial Disclosures**

The parties shall make their Rule 26(a)(1)(A) disclosures within (30) days from the date of the initial case management conference.

**F.** The parties shall complete all written discovery and depose all fact witnesses on or before **April 13, 2015**. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

**G.** MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **November 30, 2014**.

**H.** JOINT MEDIATION REPORT:

The parties shall file a joint mediation report on or before **February 16, 2015.**

**I.** The parties shall file all dispositive motions on or before **May 18, 2015**. Responses to dispositive motions shall be filed within twenty-one (21) days after filing the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**J.** ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order no. 174 need not apply to this case.

**K.** TRIAL DATE AND ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days. This action is set for jury trial on Tuesday, Qevqdgt"42."4237."cv";≥22"c0o0 Vjg"hkpcn"rtgvtkcn"eqphgtgpeg"ku"ugv"hqt"Oqpfc{."Qevqdgt"7."4237."cv"4≥22"r0o0"

It is so **ORDERED.**

ENTERED on this the"6yj"fc{"qh"Cwiwuv."42360

_Kevin H. Sharp_
**KEVIN H. SHARP**
**United States District Judge**

4

Submitted for entry:

/s/  Andy L. Allman
Andy L. Allman, BPR No. 17857
Jedidiah L. Cochran, BPR No. 27158
ALLMAN & ASSOCIATES
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
(615) 824-3761
(615) 264-2720 (Facsimile)
andy@andylallman.com
jedidiah@andylallman.com

*Attorney for Plaintiff Brad Hendrix*


/s/   John D. Schwalb
John D. Schwalb, BPR No. 11671
john_schwalb@msn.com

*Address until August 14, 2014*

JOHN D. SCHWALB, PLLC
108 Fourth Avenue South, Suite 208
Franklin, TN 37064
(615) 794-7100
(615) 794-6333

*Address Effective August 15, 2014*

JOHN D. SCHWALB, PLLC
741 Cool Springs Blvd., Suite 104
Franklin, TN 37067
(615) 794-7100
(615) 794-6333

*Attorney for Defendants DeKalb County Board of Education
 and Mark Willoughby*